FRIEDMAN, JAMES & BUCHSBAUM LLP
Andrew V. Buchsbaum, Esq. (AB-6475)
Attorneys for Plaintiff
132 Nassau Street, Suite 900
New York, NY   10038
telephone: (212) 233-9385

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------x
JOHN DAZA,                                                       :        PLAINTIFF DEMANDS A
                                                                 :        TRIAL BY JURY
                Plaintiff,                                       :
                                                                 :        SEAMAN'S CASE UNDER THE
        -against-                                                :        JONES ACT FOR PERSONAL
                                                                 :        INJURIES
PILE FOUNDATION CONSTRUCTION                                     :
COMPANY, INC., ANTHONY RIVARA                                    :        Civil Action No:
CONTRACTING, LLC, URS CORPORATION,                               :
and URS CORPORATION-NEW YORK,                                    :
                                                                 :
                Defendants.                                      :
-----------------------------------------------------------------x

**SUIT UNDER SPECIAL RULE FOR SEAMEN TO
SUE WITHOUT SECURITY OR PREPAYMENT OF
FEES FOR THE ENFORCEMENT OF THE LAWS
OF THE UNITED STATES, COMMON AND STAT-
UTORY FOR THE PROTECTION OF AND FOR
<u>THE HEALTH AND SAFETY OF SEAMEN AT SEA</u>**

Plaintiff, JOHN DAZA, by his attorneys, FRIEDMAN, JAMES & BUCHSBAUM LLP, for his complaint, respectfully alleges upon information and belief as follows:

**Jurisdiction and Venue:**

1.      This Court has jurisdiction pursuant to the Jones Act, 46 U.S.C. §§ 30104 <u>et seq.</u> (formerly codified at 46 U.S.C. § 688).

2.      Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are between citizens of different states and the amount in controversy,

exclusive of interest and costs, exceeds the sum or value of $75,000.

    3. Venue is proper in this District pursuant to: the Jones Act, 46 U.S.C. § 30104, as incorporating 45 U.S.C. § 56, in that the cause of action arose in this District; and defendants are doing business within this District; and/or 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred within this District.

**Parties:**

    4. At all relevant times, plaintiff JOHN DAZA was and still is a citizen of the State of New Jersey.

    5. At all relevant times, defendant PILE FOUNDATION CONSTRUCTION COMPANY, INC. was and still is a corporation organized and existing pursuant to the laws of the State of New York transacting business within the State of New York.

    6. At all relevant times, defendant ANTHONY RIVARA CONTRACTING, LLC was and still is a corporation organized and existing pursuant to the laws of the State of New York transacting business within the State of New York.

    7. At all relevant times, defendant URS CORPORATION was and still is a corporation organized and existing pursuant to the laws of the State of Nevada authorized to transact business within the State of New York with a designated agent for the service of process within the State of New York.

    8. At all relevant times, defendant URS CORPORATION-NEW YORK was and still is a corporation organized and existing pursuant to the laws of the State of New York transacting business within the State of New York.

## AS AND FOR A FIRST CAUSE OF ACTION

9. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 with the same force and effect as if set forth at length herein.

10. At all times and dates hereinafter mentioned, defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, owned the barge "Uncle Leo," its equipment and appurtenances.

11. At all times and dates hereinafter mentioned, defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, operated the barge "Uncle Leo."

12. At all times and dates hereinafter mentioned, defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, managed the barge "Uncle Leo," its equipment and appurtenances.

13. At all times and dates hereinafter mentioned, defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, controlled the barge "Uncle Leo," its equipment and appurtenances

14. At all times and dates hereinafter mentioned, the barge "Uncle Leo" was and still is a watercraft used, or capable of being used, as a means of transportation on water.

15. At all times and dates hereinafter mentioned, the plaintiff was a seaman and member of the crew of the barge "Uncle Leo" and an employee and/or borrowed servant of

defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC.

16. At all times and dates hereinafter mentioned, and prior thereto, the plaintiff was a seaman and member of the crew of the barge "Uncle Leo."

17. At all times and dates hereinafter mentioned, and prior thereto, the plaintiff was a seaman and member of the crew of other barges/vessels under common ownership, operation and/or control of defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC.

18. That on or about May 20, 2010, without any fault on the part of the plaintiff, and wholly and solely by reason of the negligence, recklessness and carelessness of defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, and its/their agents, servants and/or employees, and by reason of the unseaworthiness of the barge "Uncle Leo," its equipment and appurtenances, the plaintiff was caused to sustain severe injuries.

19. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

## AS AND FOR A SECOND CAUSE OF ACTION

20. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 inclusive as if set forth fully at length herein.

21. At all times material hereto, plaintiff was engaged in performing services within the purview of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq*.

22. On or about May 20, 2010, plaintiff was caused to sustain severe and permanent personal injuries.

23. Said injuries were caused by the negligence of the defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, in its/their ownership, possession, management, operation and control of the barge "Uncle Leo," its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. § 905(b) and its implementing regulations.

24. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

## AS AND FOR A THIRD CAUSE OF ACTION

25. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 14 inclusive as if set forth fully at length herein.

26. On or about May 20, 2010, while lawfully on board the barge "Uncle Leo," plaintiff was caused to be seriously injured as a result of the negligence and lack of reasonable care of the defendants, PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, in breach of the duty established in <u>Kermarec v. Compagnie Generale Transatlantique</u>, 358 U.S. 625 (1958) and its progeny.

27. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

## AS AND FOR A FOURTH CAUSE OF ACTION

28. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 19 with the same force and effect as if set forth at length herein.

29. Plaintiff is entitled to maintenance, cure, and medical expenses from defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, for the period that he was disabled and unable to work.

## AS AND FOR A FIFTH CAUSE OF ACTION

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 8 inclusive as if set forth fully at length herein.

31. At all times herein mentioned and prior thereto, defendants URS CORPORATION and/or URS CORPORATION-NEW YORK (collectively "URS") were hired and/or retained to perform construction work, labor and/or services in connection with the East River Waterfront Esplanade Project and/or the John V. Lindsay East River Park Promenade Project (collectively the "Project").

32. Defendant URS was hired and/or retained to act as the general contractor and/or construction manager for the Project.

33. On or about May 20, 2010, while plaintiff was performing services in connection with the Project, he was caused to be seriously injured as a result of the negligence of the URS defendants.

34. Said accident and injuries to plaintiff were caused by the negligence of the URS defendants in causing, permitting and/or allowing dangerous and/or defective condition(s) to arise, be, and/or remain despite prior notice of said dangerous and/or defective condition(s); in failing to remove, correct, and/or repair said defective and/or dangerous condition(s); in failing to adequately and/or properly inspect said area so as to render it safe for workers such as plaintiff; in causing and/or creating said defective conditions as aforesaid; in failing to provide plaintiff a safe place to work; in failing to comply with and breaching the various provisions of New York Labor Law §§ 200, 240 and 241 and other federal, state and local statutes, ordinances and regulations; all without any fault of the plaintiff.

35. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily

labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

**WHEREFORE**, plaintiff demands judgment: against defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC in the First, Second and Third Counts in the sum of TEN MILLION ($10,000,000.00) DOLLARS; against defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC in the Fourth Count in the sum of FIVE HUNDRED ($500,000.00) DOLLARS; and against defendants URS CORPORATION and/or URS CORPORATION-NEW YORK in the Fifth Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS; together with interest and costs.

Dated: New York, New York
      June 14, 2010

                                        **FRIEDMAN, JAMES & BUCHSBAUM LLP**
                                        Attorneys for Plaintiff
                        By:
                                        _____
                                        Andrew V. Buchsbaum (AB-6475)
                                        132 Nassau Street, Suite 900
                                        New York, NY 10038
                                        (212) 233-9385
                                        abuchsbaum@friedmanjames.com