FRIEDMAN, JAMES & BUCHSBAUM LLP
Andrew V. Buchsbaum, Esq. (AB-6475)
Attorneys for Plaintiff
132 Nassau Street, Suite 900
New York, NY   10038
telephone: (212) 233-9385



UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JON DAZA,                                                   :

        Plaintiff,                                :

   -against-                                             :

PILE FOUNDATION CONSTRUCTION                                :
COMPANY, INC., ANTHONY RIVARA
CONTRACTING, LLC, URS CORPORATION,                          :
URS CORPORATION-NEW YORK,
THE CITY OF NEW YORK, THE NEW YORK                          :
CITY DEPARTMENT OF PARKS AND
RECREATION, THE NEW YORK CITY                               :
DEPARTMENT OF PARKS AND RECREATION
CAPITAL PROJECTS DIVISION, THE                              :
NEW YORK CITY ECONOMIC DEVELOPMENT
CORPORATION, AECOM SERVICES, INC,
AECOM USA, INC. and the Barge "UNCLE LEO,":
its equipment, tackle and appurtenances, *in rem*,
                                                   :

        Defendants.
------------------------------------------------------------x

**PLAINTIFF DEMANDS A TRIAL BY JURY**

**SEAMAN'S CASE UNDER THE JONES ACT FOR PERSONAL INJURIES**

**SECOND AMENDED COMPLAINT**

10 Civ. 4678 (MGC) (GWG)

**SUIT UNDER SPECIAL RULE FOR SEAMEN TO
SUE WITHOUT SECURITY OR PREPAYMENT OF
FEES FOR THE ENFORCEMENT OF THE LAWS
OF THE UNITED STATES, COMMON AND STAT-
UTORY FOR THE PROTECTION OF AND FOR
THE HEALTH AND SAFETY OF SEAMEN AT SEA**

       Plaintiff, JON DAZA, by his attorneys, FRIEDMAN, JAMES & BUCHSBAUM LLP, for his Second Amended Complaint, respectfully alleges upon information and belief as

follows:

**Jurisdiction and Venue:**

    1.    This Court has jurisdiction pursuant to the Jones Act, 46 U.S.C. §§ 30104 et seq. (formerly codified at 46 U.S.C. § 688).

    2.    Alternatively, this Court has jurisdiction pursuant to 28 U.S.C. § 1332 in that the claims asserted herein are between citizens of different states and the amount in controversy, exclusive of interest and costs, exceeds the sum or value of $75,000.

    3.    The barge "Uncle Leo" presently is, or during the pendency of this action will be, within the Federal Judicial District in which this action has been commenced.

    4.    Venue is proper in this District pursuant to: the Jones Act, 46 U.S.C. § 30104, as incorporating 45 U.S.C. § 56, in that the cause of action arose in this District; and defendants are doing business within this District; and/or 28 U.S.C. § 1391 in that a substantial part of the events or omissions giving rise to the claim occurred within this District.

**Parties:**

    5.    At all relevant times, plaintiff JON DAZA was and still is a citizen of the State of New Jersey.

    6.    At all relevant times, defendant PILE FOUNDATION CONSTRUCTION COMPANY, INC. was and still is a corporation organized and existing pursuant to the laws of the State of New York transacting business within the State of New York.

    7.    At all relevant times, defendant ANTHONY RIVARA CONTRACTING, LLC was and still is a corporation organized and existing pursuant to the laws of the State of New York transacting business within the State of New York.

8. At all relevant times, defendant URS CORPORATION was and still is a corporation organized and existing pursuant to the laws of the State of Nevada authorized to transact business within the State of New York with a designated agent for the service of process within the State of New York.

9. At all relevant times, defendant URS CORPORATION-NEW YORK was and still is a corporation organized and existing pursuant to the laws of the State of New York transacting business within the State of New York.

10. At all relevant times, defendant the CITY OF NEW YORK (the "CITY") was and still is a municipal corporation organized and existing under and by virtue of the laws of the State of New York.

11. At all relevant times, defendants THE NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION and THE NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION CAPITAL PROJECTS DIVISION (collectively "DPR") were departments of the City organized and existing under and by virtue of the laws of the State of New York.

12. At all relevant times, defendant THE NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION ("EDC") was and still is a non-profit development corporation organized and existing under and by virtue of the laws of the State of New York.

13. At all relevant times, defendant AECOM SERVICES, INC. was and still is a corporation organized and existing pursuant to the laws of the State of California authorized to transact business within the State of New York with a designated agent for the service of process within the State of New York.

14. At all relevant times, defendant AECOM USA, INC. was and still is a corporation organized and existing pursuant to the laws of the State of New York transacting business within the State of New York.

15. At all relevant times, defendants AECOM SERVICES, INC. and/or AECOM USA, INC. was/were the successors in interest to DMJM + Harris, Inc.

### AS AND FOR A FIRST CAUSE OF ACTION

16. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 with the same force and effect as if set forth at length herein.

17. At all times and dates hereinafter mentioned, defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, owned the barge "Uncle Leo," its equipment and appurtenances.

18. At all times and dates hereinafter mentioned, defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, operated the barge "Uncle Leo."

19. At all times and dates hereinafter mentioned, defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, managed the barge "Uncle Leo," its equipment and appurtenances.

20. At all times and dates hereinafter mentioned, defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, controlled the barge "Uncle Leo," its equipment and

appurtenances.

21. At all times and dates hereinafter mentioned, the barge "Uncle Leo" was and still is a watercraft used, or capable of being used, as a means of transportation on water.

22. At all times and dates hereinafter mentioned, the plaintiff was a seaman and member of the crew of the barge "Uncle Leo" and an employee and/or borrowed servant of defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC.

23. At all times and dates hereinafter mentioned, and prior thereto, the plaintiff was a seaman and member of the crew of the barge "Uncle Leo."

24. At all times and dates hereinafter mentioned, and prior thereto, the plaintiff was a seaman and member of the crew of other barges/vessels under common ownership, operation and/or control of defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC.

25. That on or about May 20, 2010, without any fault on the part of the plaintiff, and wholly and solely by reason of the negligence, recklessness and carelessness of defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, and its/their agents, servants and/or employees, and by reason of the unseaworthiness of the barge "Uncle Leo," its equipment and appurtenances, the plaintiff was caused to sustain severe injuries.

26. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily

labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

### AS AND FOR A SECOND CAUSE OF ACTION

27. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 inclusive as if set forth fully at length herein.

28. At all times material hereto, plaintiff was engaged in performing services within the purview of the Longshore and Harbor Worker's Compensation Act, 33 U.S.C. § 901 *et seq*.

29. On or about May 20, 2010, plaintiff was caused to sustain severe and permanent personal injuries.

30. Said injuries were caused by the negligence of the defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, in its/their ownership, possession, management, operation and control of the barge "Uncle Leo," its equipment and/or appurtenances, and by otherwise breaching the obligations of 33 U.S.C. § 905(b) and its implementing regulations.

31. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe and permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

### AS AND FOR A THIRD CAUSE OF ACTION

32. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 inclusive as if set forth fully at length herein.

33. On or about May 20, 2010, while lawfully on board the barge "Uncle Leo," plaintiff was caused to be seriously injured as a result of the negligence and lack of reasonable care of the defendants, PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, in breach of the duty established in Kermarec v. Compagnie Generale Transatlantique, 358 U.S. 625 (1958) and its progeny.

34. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

### AS AND FOR A FOURTH CAUSE OF ACTION

35. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 26 with the same force and effect as if set forth at length herein.

36. Plaintiff is entitled to maintenance, cure, and medical expenses from defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, for the period that he was disabled and unable to work.

## AS AND FOR A FIFTH CAUSE OF ACTION

37. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 inclusive as if set forth fully at length herein.

38. At all times herein mentioned and prior thereto, defendants URS CORPORATION, URS CORPORATION-NEW YORK (collectively "URS"); and/or AECOM SERVICES, INC. and/or AECOM USA, INC. (collectively "AECOM") was/were hired and/or retained to perform construction work, supervision, control and/or other services in connection with the East River Waterfront Esplanade Project and/or the John V. Lindsay East River Park Promenade Project (collectively the "Project").

39. Defendants URS and/or AECOM was/were hired and/or retained to act as the general contractor and/or construction manager for the Project.

40. On or about May 20, 2010, while plaintiff was performing services in connection with the Project, he was caused to be seriously injured as a result of the negligence of the URS and/or AECOM defendants.

41. Said accident and injuries to plaintiff were caused by the negligence of the URS and/or AECOM defendants in causing, permitting and/or allowing dangerous and/or defective condition(s) to arise, be, and/or remain despite prior notice of said dangerous and/or defective condition(s); in failing to remove, correct, and/or repair said defective and/or dangerous condition(s); in failing to adequately supervise, direct, control and/or properly inspect said area so as to render it safe for workers such as plaintiff; in causing and/or creating said defective conditions as aforesaid; in failing to provide plaintiff a safe place to work; in failing to comply with and breaching the various provisions of New York Labor Law §§ 200, 240 and 241 and other federal, state and local

statutes, ordinances and regulations; all without any fault of the plaintiff.

42. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

43. That this action falls within one or more of the exceptions set forth in CPLR § 1602.

## AS AND FOR A SIXTH CAUSE OF ACTION

44. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 21 and 27 through 31 inclusive as if set forth at length herein.

45. Defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, have failed to secure payment of compensation to plaintiff pursuant to the LHWCA.

46. Pursuant to the provisions of 33 U.S.C. § 905(a), plaintiff hereby makes direct claim against defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, for all recoverable items of damage.

47. Pursuant to the provisions of 33 U.S.C. § 905(a), defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC, or either of them, may not plead as a defense that the injury was caused by

the negligence of a fellow servant, or that the employee assumed the risk of his employment, or that the injury was due to the contributory negligence of the employee.

### AS AND FOR A SEVENTH CAUSE OF ACTION

48. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 15 and 37 through 42 inclusive as if set forth at length herein.

49. At all times herein mentioned and prior thereto, defendants the CITY, DPR and/or EDC owned, operated, controlled and or leased premises and/or land comprising, forming and/or consisting of the East River Waterfront Esplanade Project and/or the John V. Lindsay East River Park Promenade Project (collectively the "Project").

50. Upon information and belief, on and prior to May 20, 2010, defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC entered into a contract with the CITY and/or DPR and/or EDC for the construction and improvement of certain properties owned, operated, controlled and/or leased by the CITY and/or DPR and/or EDC, including the Project.

51. On or about May 20, 2010, while plaintiff was performing services in connection with the Project, he was caused to be seriously injured as a result of the negligence of the CITY, DPR and/or EDC.

52. Said accident and injuries to plaintiff were caused by the negligence of the CITY, DPR and/or EDC in causing, permitting and/or allowing dangerous and/or defective condition(s) to arise, be, and/or remain despite prior notice of said dangerous and/or defective condition(s); in failing to remove, correct, and/or repair said defective and/or dangerous condition(s); in failing to adequately and/or properly inspect said area so as to render it safe for workers such as

plaintiff; in causing and/or creating said defective conditions as aforesaid; in failing to provide plaintiff a safe place to work; in failing to provide plaintiff with proper scaffolding, hoists, stays, ladders, slings, hangers, blocks, pulleys, braces, irons, ropes and other devices so as to give proper protection to plaintiff; in failing to comply with and breaching the various provisions of New York Labor Law §§ 200, 240 and 241 and other federal, state and local statutes, ordinances and regulations; all without any fault of the plaintiff.

53. That heretofore on or about June 10, 2010, within ninety (90) days after the claim herein sued upon arose, plaintiffs caused a Notice of Claim in writing, sworn to by and on behalf of claimant, to be duly served upon the defendants, the CITY, DPR and EDC.

54. That at least thirty (30) days have elapsed since the service of said Notice of Claim, and that adjustment or payment thereof has been neglected or refused.

55. As a result of the foregoing, the plaintiff was rendered sick, sore, lame and disabled and sustained severe permanent personal injuries, was and is internally and externally disabled causing him to suffer pain, and for a time he was prevented from attending to his daily labors, thereby losing sums of money which he otherwise would have earned as wages, and has endeavored to be cured of his injuries, and has expended sums of money to maintain himself, and will continue to endure pain and suffering, all to his damage.

56. That this action falls within one or more of the exceptions set forth in CPLR §1602.

**WHEREFORE**, plaintiff demands judgment: against defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC in the First, Second and Third Causes of Action in the sum of TEN

MILLION ($10,000,000.00) DOLLARS; against defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC in the Fourth Cause of Action in the sum of FIVE HUNDRED ($500,000.00) DOLLARS; against defendants URS CORPORATION, URS CORPORATION-NEW YORK, AECOM SERVICES, INC. and/or AECOM USA, INC. in the Fifth Cause of Action in the sum of TEN MILLION ($10,000,000.00) DOLLARS; against defendants PILE FOUNDATION CONSTRUCTION COMPANY, INC. and/or ANTHONY RIVARA CONTRACTING, LLC in the Sixth Cause of action in the sum of TEN MILLION ($10,000,000.00) DOLLARS; against defendants THE CITY OF NEW YORK, THE NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION, THE NEW YORK CITY DEPARTMENT OF PARKS AND RECREATION CAPITAL PROJECTS DIVISION and/or the NEW YORK CITY ECONOMIC DEVELOPMENT CORPORATION in the Seventh Cause of Action in the sum of TEN MILLION ($10,000,000.00); that process in due form of law, *in rem*, pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims, according to the practice of this Honorable Court, issue against the barge "Uncle Leo," its equipment, tackle and appurtenances; and that all persons claiming any interest therein may be required to appear and answer on oath all and singular the matters aforesaid; that the barge "Uncle Leo," its equipment, tackle and appurtenances be condemned and sold to satisfy the damages of plaintiff; together with the costs and disbursements of this action.

Dated: New York, New York
       February 28, 2011

                                            **FRIEDMAN, JAMES & BUCHSBAUM LLP**
                                            Attorneys for Plaintiff

                              By: _____
                                     Andrew V. Buchsbaum (AB-6475)
                                     132 Nassau Street, Suite 900
                                     New York, NY  10038
                                     (212) 233-9385
                                     abuchsbaum@friedmanjames.com

TO:    FREEHILL HOGAN & MAHAR LLP
        Attorneys for Defendant
        Pile Foundation Construction Company, Inc.
        80 Pine Street
        New York, NY  10005-1759
        (212) 425-1900 (tel.)
        (212) 425-1901 (fax)
        Attn: John F. Karpousis, Esq.
        Attn: Carolyn Elizabeth Bundy, Esq.

        COZEN O'CONNOR
        Attorneys for Defendants, URS Corporation, Inc.
        and URS Corporation - New York
        45 Broadway, 16th Floor
        New York, NY  10006
        (212) 509-9400 (tel.)
        (212) 509-9492 (fax)
        Attn: Russell G. Wheeler, Esq.

HANNUM FERETIC PRENDERGAST & MERLINO, LLC
Attorneys for Defendants, The City of New York, The New York
City Department of Parks and Recreation Capital Projects Division,
and The New York City Economic Development Corporation
One Exchange Plaza
55 Broadway, Suite 202
New York, NY  10006
(212) 530-3900 (tel.)
(212) 530-3910 (fax)
(212) 530-3904
Attn:  John E. Hannum, Esq.

## Affirmation of Service

STATE OF NEW YORK      )
                       ) ss:
COUNTY OF NEW YORK     )

   ANDREW V. BUCHSBAUM, an attorney at law of the State of New York not a party to the instant matter, hereby affirms under penalties of perjury pursuant to CPLR 2106: he is an attorney at law of the State of New York not a party to the instant matter; that he is over the age of twenty-one (21) years; that on **February 28, 2011**, he served the within **Second Amended Complaint** upon the following:

FREEHILL HOGAN & MAHAR LLP
**Attorneys for Defendant Pile Foundation Construction Company, Inc.**
80 Pine Street
New York, NY  10005-1759

COZEN O'CONNOR
**Attorneys for Defendants, URS Corporation, Inc. and URS Corporation - New York**
45 Broadway, 16th Floor
New York, NY  10006

HANNUM FERETIC PRENDERGAST & MERLINO, LLC
**Attorneys for Defendants, The City of New York, The New York City Department of Parks and Recreation Capital Projects Division, and The New York City Economic Development Corporation**
One Exchange Plaza, 55 Broadway, Suite 202
New York, NY  10006

by depositing a true copy(ies) thereof, securely enclosed in a postpaid wrapper, in a post office box regularly maintained by the United States Government, in the City, County and State of New York, directed to the above at their address, that being the address designated by them for that purpose upon the following preceding papers in this action.

Dated:  New York, NY
     February 28, 2011

                _____
                Andrew V. Buchsbaum