318-10/JFK/CEB
FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendant
Pile Foundation Construction Company, Inc.
80 Pine Street, 24th Floor
New York, New York 10005-1759
(212) 425-1900

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JOHN DAZA,

                Plaintiff,

      - against -

PILE FOUNDATION CONSTRUCTION
COMPANY, INC., ANTHONY RIVARA
CONTRACTING, LLC, URS CORPORATION,
URS CORPORATION-NEW YORK, THE
CITY OF NEW YORK, THE NEW YORK
CITY DEPARTMENT OF PARKS AND
RECREATION, THE NEW YORK CITY
DEPARTMENT OF PARKS AND
RECREATION CAPITAL PROJECTS
DIVISION, THE NEW YORK CITY
ECONOMIC DEVELOPMENT
CORPORATION and the Barge "UNCLE
LEO," its equipment, tackle and appurtenances,
*in rem*,

                Defendants.
------------------------------------------------------------x

10-cv-4678 (MGC)(GWG)

**ANSWER TO SECOND
AMENDED COMPLAINT WITH
CROSS-CLAIMS AND ANSWER
TO CROSS-CLAIMS**

      Defendants, PILE FOUNDATION CONSTRUCTION COMPANY, INC. ("PILE"), and the Barge "UNCLE LEO," its equipment, tackle and appurtenances (collectively "PILE" or "Defendant"), by their attorneys, Freehill Hogan & Mahar LLP, as and for their Answer to Plaintiff's Second Amended Complaint, allege upon information and belief as follows:

365781.1

**Jurisdiction and Venue:**

1. This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Amended Complaint.

2. This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 3 of the Amended Complaint.

4. This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Amended Complaint.

5. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 5 of the Amended Complaint.

6. Admits the allegations contained in Paragraph 6 of the Amended Complaint.

7. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 7 of the Amended Complaint.

8. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 8 of the Amended Complaint.

9.  Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 9 of the Amended Complaint.

10. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 10 of the Amended Complaint.

11. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 11 of the Amended Complaint.

12. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 12 of the Amended Complaint.

13. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 13 of the Amended Complaint.

14. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 14 of the Amended Complaint.

15. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 15 of the Amended Complaint.

## ANSWERING THE FIRST CAUSE OF ACTION

16. Defendant repeats each and every answer to Paragraphs 1 through 15 of the Amended Complaint with the same force and effect as if set forth at length herein.

17. Admits that PILE owned the barge "UNCLE LEO" at all relevant times herein and denies the remainder of the allegation.

18.     Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 18 of the Amended Complaint.

19.     Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 19 of the Amended Complaint.

20.     Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 20 of the Amended Complaint.

21.     This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Amended Complaint.

22.     This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 of the Amended Complaint.

23.     This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 23 of the Amended Complaint.

24.     This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 24 of the Amended Complaint.

25.     Denies the allegations contained in Paragraph 25 of the Amended Complaint.

26.     Denies the allegations contained in Paragraph 26 of the Amended Complaint.

## ANSWERING THE SECOND CAUSE OF ACTION

27. Defendant repeats each and every answer to Paragraphs 1 through 26 of the Amended Complaint with the same force and effect as if set forth at length herein.

28. This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 29 of the Amended Complaint.

30. Denies the allegations contained in Paragraph 30 of the Amended Complaint.

31. Denies the allegations contained in Paragraph 31 of the Amended Complaint.

## ANSWERING THE THIRD CAUSE OF ACTION

32. Defendant repeats each and every answer to Paragraphs 1 through 31 of the Amended Complaint with the same force and effect as if set forth at length herein.

33. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 33 of the Amended Complaint.

34. Denies the allegations contained in Paragraph 34 of the Amended Complaint.

## ANSWERING THE FOURTH CAUSE OF ACTION

35. Defendant repeats each and every answer to Paragraphs 1 through 34 of the Amended Complaint with the same force and effect as if set forth at length herein.

36. This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Amended Complaint.

## ANSWERING THE FIFTH CAUSE OF ACTION

37. Defendant repeats each and every answer to Paragraphs 1 through 36 of the Amended Complaint with the same force and effect as if set forth at length herein.

38. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 35 of the Amended Complaint.

39. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 36 of the Amended Complaint.

40. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 37 of the Amended Complaint.

41. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 38 of the Amended Complaint.

42. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 39 of the Amended Complaint.

43. This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 40 of the Amended Complaint.

## ANSWERING THE SIXTH CAUSE OF ACTION

44. Defendant repeats each and every answer to Paragraphs 1 through 43 of the Amended Complaint with the same force and effect as if set forth at length herein.

45. Denies the allegations contained in Paragraph 45 of the Amended Complaint.

46. This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 46 of the Amended Complaint.

47. This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Amended Complaint.

## ANSWERING THE SEVENTH CAUSE OF ACTION

48. Defendant repeats, reiterates, and realleges each and every admission, denial, and denial of knowledge or information set forth in its Answer as a response to Paragraphs 1 through 47 of the Amended Complaint inclusive, as if set forth at length herein.

49. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 49 of the Amended Complaint.

50. Admit that PILE entered into construction contract, number "M-144-101M," with the City, the content of which speaks for itself. Except as specifically admitted, the remainder of the allegation is denied.

51. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 51 of the Amended Complaint.

52. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 52 of the Amended Complaint.

53. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 53 of the Amended Complaint.

54. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 54 of the Amended Complaint.

55. Denies knowledge or information sufficient to form a belief as to allegations contained in Paragraph 55 of the Amended Complaint.

56. This paragraph states a legal conclusion to which no response is necessary. To the extent a response is required, Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 56 of the Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Answering Defendant is entitled to limit its liability in accordance with maritime statutory and common law.

### THIRD AFFIRMATIVE DEFENSE

3. The New York Labor Law is inapplicable and/or preempted by Federal Maritime Law with respect to Answering Defendant.

### FOURTH AFFIRMATIVE DEFENSE

4. State law is preempted by general maritime law and statutory law with respect to Answering Defendant.

### FIFTH AFFIRMATIVE DEFENSE

5. This action is barred by the fellow servant doctrine.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiffs' action is barred by the dual capacity doctrine as Answering Defendant is not liable or negligent as a vessel owner.

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiffs' cause of action is barred by general maritime law.

### EIGHTH AFFIRMATIVE DEFENSE

8. Answering Defendant was not negligent in its capacity as a vessel owner.

### NINTH AFFIRMATIVE DEFENSE

9. Plaintiff's cause of action is barred by the doctrine of exclusivity as contained in the applicable Workers' Compensation Law.

### TENTH AFFIRMATIVE DEFENSE

10. Plaintiff's cause of action is barred by New York State Workers' Compensation Law and/or the Longshore Harborworkers' Compensation Act, 33 U.S.C. §901, *et. seq.*

## ELEVENTH AFFIRMATIVE DEFENSE

11.     If Plaintiff sustained any injuries as alleged in the Amended Complaint, said injuries and/or illnesses were caused in whole or in part by Plaintiff's own negligence and were not caused or contributed to in any manner by any negligence of the Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

12.     The injuries and/or illnesses to Plaintiff, if any, arose out of certain risks, dangers, and hazards, all of which were open, obvious and well-known to the Plaintiff at and before the time the said injuries and/or illnesses were sustained and all of said risks, dangers, and hazards had been assumed by Plaintiff.

## THIRTEENTH AFFIRMATIVE DEFENSE

13.     If Plaintiff received any injuries and/or illnesses as alleged in the Complaint, said injuries and/or illnesses were caused in whole or in part by Plaintiff's own failure to perform the duties assumed as a term of his employment.

## FOURTEENTH AFFIRMATIVE DEFENSE

14.     As a compensation paying employer Answering Defendant cannot be sued by Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

15.     The cause of action sued on herein may have been statutorily assigned to Plaintiff's employer, and if so, no cause of action exists upon which Plaintiff may sue.

## SIXTEENTH AFFIRMATIVE DEFENSE

16.     The injuries and damages allegedly sustained by Plaintiff were brought about, contributed to, or aggravated by the negligent, careless or other culpable conduct of Plaintiff, or of such others over whom Answering Defendant had no control.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. That in the event Plaintiff recovers a verdict or judgment against Answering Defendant then said verdict or judgment must be reduced and set off by those amounts which have been, or will, with reasonable certainty, replace or indemnify Plaintiff in whole or in part, for any past or future claims, economic loss, from any collateral source, including but not limited to insurance, social security, worker's compensation, or employee benefit programs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Plaintiff's injuries, in whole or in part, were caused by Plaintiff's own negligence and any damages awarded against Answering Defendant should be reduced to the extent that Plaintiff's negligence or other culpable conduct caused his injuries.

### NINETEENTH AFFIRMATIVE DEFENSE

19. The Barge "Uncle Leo" is not a vessel.

### TWENTIETH AFFIRMATIVE DEFENSE

20. Plaintiff has failed to mitigate damages.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations, statutes of repose, and/or by the doctrines of laches and estoppel.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22. The liability arising out of negligence and/or strict liability of others constitutes a superseding and/or intervening cause of Plaintiff's alleged injuries.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23. To the extent that Plaintiff's Second Cause of Action seeks recovery pursuant to the Labor Law of the State of New York, such cause of action is expressly precluded and

superseded by the federal Longshore and Harbor Workers' Compensation Act, 33 U.S.C. Sec. 901 *et seq.*, and/or the General Maritime Law of the United States.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24. Plaintiff is not a seaman as that term is defined under the Jones Act.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25. Answering Defendant is not Plaintiff's Jones Act employer.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26. Plaintiff is not entitled to recovery under the doctrine of unseaworthiness; in any event, Plaintiff's alleged injuries were not caused by an unseaworthy condition, for which Answering Defendant can be held responsible under the Jones Act or otherwise.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27. Plaintiff has reached maximum medical improvement.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28. Plaintiff's claim is barred by the primary duty doctrine.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Plaintiff is fit for full duty.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Answering Defendant herein incorporates by reference, as if fully set forth at length herein, all defenses, both affirmative and otherwise, raised, pleaded, and/or asserted by all other Defendants.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

31.     Defendant's liability is limited to the value of the vessel after the casualty in accordance with 46 U.S.C. §30505 *et seq.*

## FIRST CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

1.      If it is found that Answering Defendant is liable to Plaintiff, which liability is expressly denied, Answering Defendant is entitled to full indemnification, whether the said indemnification be expressed or implied, whether by contract or not, by any and all Co-Defendants.

## SECOND CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

2.      If it is found that the Answering Defendant is liable to Plaintiff, which liability is expressly denied, Answering Defendant is entitled to full indemnification and/or contribution from all Defendants and a finding that any act, omission or fault on the part of Answering Defendant was passive and the fault of any and all Co-Defendants was active.

## THIRD CROSS-CLAIM AGAINST ALL CO-DEFENDANTS

3.      If Plaintiff sustained any injuries and/or damages as alleged in Plaintiff's Complaint and if Plaintiff should hereby recover any judgment as against Answering Defendant, then Answering Defendant demands judgment in contribution over and against all Co-Defendants for all or a portion of the recovery by Plaintiffs herein as against Answering Defendant in accordance with the relative responsibility of Answering Defendant and all Co-Defendants.

## ANSWER TO CROSS-CLAIMS

1. Answering Defendant denies all cross-claims that have been asserted, or may be in the future asserted, by any and all Co-Defendants for contribution, indemnification, breach of contract for failure to obtain insurance coverage or name Co-Defendants as additional assureds, and any other cross-claim that may be asserted against Answering Defendant.

WHEREFORE, Defendant respectfully demands that the Plaintiff's Amended Complaint be dismissed with costs to them, or in the alternative, award in contribution or indemnity against all Co-Defendants together with costs, interests, attorneys' fees etc. and for such other, further and different relief as the Court may deem just and proper.

Dated:  New York, New York
        March 8, 2011

**General Attorney:**

Gregory J. Allen
New York State Insurance Fund

**Trial Counsel:**

FREEHILL HOGAN & MAHAR LLP
Attorneys for Defendant
Pile Foundation Construction Company, Inc.

By: _____
John F. Karpousis
Carolyn Elizabeth Bundy
80 Pine Street
New York, New York 10005-1759
(212) 425-1900

365781.1

14

TO:   Andrew V. Buchsbaum, Esq.
      **Friedman, James & Buchsbaum LLP**
      *Attorneys for Plaintiff*
      132 Nassau Street – Suite 900
      New York, NY 10038
      (212) 233-9385
      abuchsbaum@friedmanjames.com

      Kevin Mescall, Esq.
      **Cozen O'Connor**
      *Attorneys for Defendants, URS Corporation, Inc. and URS Corporation-New York*
      45 Broadway – 16th Floor
      New York, NY 10006
      (212) 509-9400
      kmescall@cozen.com

      John E. Hannum, Esq.
      **Hannum Feretic Prendergast & Merlino, LLC**
      *Attorneys for Defendants, The City of New York, The New York City Department of Parks and Recreation, New York City Department of Parks and Recreation Capital Projects Division, The New York City Economic Development Corporation*
      One Exchange Plaza
      55 Broadway – Suite 202
      New York, NY 10006
      (212) 530-3904
      jhannum@hfpmlaw.com